International & Great Northern Railway Company v.
P. F. Moynahan.

Decided October 21, 1903.

**1.—Practice—Charge of Court.**

A party to a suit having procured the court to suppress evidence in regard to an attempted issue in the case is not entitled thereafter to have the issue submitted to the jury from his standpoint.

**2.—Personal Injury—Excessive Verdict.**

Evidence considered and held sufficient to authorize a verdict against a railroad company for damages for injury to an engineer in the sum of $20,000.

**3.—Master and Servant—Assumed Risk.**

Not only is the employe not required to anticipate the master's negligence, but he has the right to rely upon the master exercising reasonable care in securing his safety.

Appeal from the District Court of Bexar.   Tried below before Hon. L. J. Camp.

*Hicks & Hicks,* for appellant.

*H. C. Carter* and *Perry J. Lewis,* for appellee.

JAMES Chief Justice.—Plaintiff Moynahan, an engineer of defendant, sued for damages for injuries alleged to have been caused by defendant's negligence in having the switch of its side track thrown and lined up for the side track instead of for the main line, which resulted in the derailment of the engine and his injuries.

The answer, besides a general denial, alleged that if the switch was left open the track approaching it was level and straight for a long distance, and plaintiff's view unobstructed, and plaintiff failed to use ordinary care in keeping a proper lookout, and also that the accident resulted from a risk assumed by plaintiff.

By the first and second assignments of appellant it is sought to have presented practically the same question.   The second assignment being a proper one, it seems unnecessary to consider whether or not the first assignment is a proper one under the rules.

The second assignment is that the court erred in refusing to give defendant's special charge number 3, which reads as follows: "If you believe from the evidence that the electric headlight used by the plaintiff on his engine on the night of his injury was defective, and that he knew of such defect, and continued to use said electric light without making any endeavor to have the same replaced by a proper light, and you further believe from the evidence that a person of ordinary prudence would not have done so, and you further believe from the evidence that the accident to plaintiff resulted from his use of said

defective light, then the court instructs you that he was guilty of contributory negligence, and you will return your verdict for the defendant."

It appears that plaintiff was allowed to testify on cross-examination to a certain extent concerning the headlight being defective. The derailment happened at Davenport, and the engine with its headlight came to plaintiff at Taylor. We give plaintiff's testimony as introduced and as relied on by defendant in this connection, quoting from appellant's brief: "I had a bad light (headlight). I worked on it at Taylor myself and got it in running condition. It was a defective headlight, and had been ever since it was on the engine. It was bad when I got it and bad all the way to Davenport." He also testified that the train at the time he first saw the condition of the switch was running twenty-five or thirty miles an hour, and that he was able before he struck the switch point to slow down to ten or fifteen miles an hour. Also that if he had had a good light it might have made some difference.

The court refused to give the requested charge with this indorsement: "Refused for the reason that the evidence with reference to this light was excluded at the instance of defendant." By a bill of exceptions it is made to appear that on re-examination of plaintiff, his counsel undertook to examine him fully with reference to the defective headlight and its effect on the transaction, and appellant had the court "refuse to permit plaintiff to testify to the condition of the headlight, and what plaintiff or defendant did with reference to said headlight before leaving on the trip from Taylor or to any facts relating to said headlight, and to plaintiff's and defendant's connection therewith," upon "objection to the testimony as to whether when this man came out of Taylor he had knowledge of the headlight, and also as to whether it was inspected by the traveling engineer as totally irrelevant to this case and not warranted by the pleadings and they have not grounded the right to recover upon that issue."

In this connection we may call attention to the fact that while defendant pleaded assumed risk, it did so in general terms, thereby embracing any form of assumed risk—that is to say risks ordinarily incident to the work as well as risks not so incident, but arising from the circumstance that the danger was a known one. It would seem that it was for defendant to decide at the trial how far, and in what respects, it relied on this plea, and if it took the position at the trial—that is while the evidence was being adduced—that matters relating to the headlight were not involved, and procured the court to suppress any further inquiry into that question on that ground, it could not, when the case came to be submitted to the jury, insist on the submission of such issue.

Assuming, however, that defendant was in a position to ask to have the issue submitted, we think the charge was properly refused. It was really a charge on assumed risk, though clothed in the form of a charge on contributory negligence. The proposition advanced by the brief under the assignment is a proposition of assumed risk, pure and simple. So also the argument.

The charge in effect would have directed the jury to find for defendant if plaintiff on account of the insufficient headlight knew of its defective condition, and did not act as a prudent person in working with it in that condition, and the accident resulted from the use of such defective light, without regard to defendant's negligence in respect to the switch. The error lies in assuming that the defect in the switch which, to say the least, was a concurring cause (more likely the proximate cause) of the accident, was a part of the risk involved in the use of the defective headlight. It is plain that it was not. Plaintiff could not, in continuing to run the engine with a defective light, foresee defendant's negligence in failing to keep the track ahead of him in proper condition. This superadded act of negligence had nothing to do with the headlight, and it is well established that the servant is never required to anticipate the master's negligence, and to guard against it. Plaintiff, if he knew of the insufficiency of the light, and nevertheless proceeded to run the engine, took the risks of injury to himself which were due to the defective light, but nothing more than this—not risks growing out of the independent acts of negligence by the defendant. For example, suppose no headlight was furnished plaintiff at all, and he, notwithstanding this, undertook to run the engine along the track in the dark, he unquestionably could not recover for injuries due to obstructions on the track, not there through any negligence of the defendant, as for example running into cattle, or obstructions placed there by third parties. But in such a case, if he was injured because of a defective switch, or any other negligent act of defendant which he did not know and could not have anticipated, we think there would be no question of his right to recover, so far as the question of his assuming such risk would be concerned. The rule is the same when the light is insufficient. He might be guilty of contributory negligence, and therefore debarred from recovering by not observing a proper lookout or reasonable care in averting the disaster after he saw the danger, under the circumstances; but he could not be held, from the mere use of the defective light, to have assumed the risk of another act of negligence by defendant, which he did not know, and was not bound to forestall. Missouri P. Railway Co. v. Somers, 78 Texas, 440; Gulf, C. & S. F. Railway Co. v. Shearer, 1 Texas Civ. App., 343; Fort Worth & D. C. Railway Co. v. Wilson, 3 Texas Civ. App., 587.

The issue of contributory negligence was fully submitted.

From the state of the evidence in this record, we are unable to sustain the third and fourth assignments of error.

We conclude as facts from the record that plaintiff came by his injuries in consequence of the negligent act of defendant in having its track in a defective condition; that plaintiff, although he knew of the defective headlight, did not know of the defective track, and did not discover it in time to avoid the injury by the exercise of reasonable care; and that the damages found are not excessive.

Plaintiff was 38 years old and sound when injured, and was earning

from $140 to $150 per month. He hovered between life and death for many months, suffering great agony. He has become a physical wreck, unable from his spinal injuries to move his head or preserve his balance naturally; is never without pain; is totally incapacitated for labor; one side is virtually paralyzed, and his tendency is to grow worse. Evidence of this character warranted the verdict for $20,000.

*Affirmed.*

### ON MOTION FOR REHEARING.

JAMES, Chief Justice.—Appellant seems to insist that as defendant furnished plaintiff with a defective headlight, and plaintiff knew the fact, and knew that he could not see ahead of him as far with it as he could have seen with a perfect one, therefore plaintiff, in operating the train with this light, assumed the risk of injury from the misplaced switch because he could have seen this danger ahead far enough off to have stopped the train before coming to it, if the light had been a proper one. In our opinion defendant could not, under the evidence here, make this contention of assumed risk after furnishing plaintiff with the defective light. Defendant knew the condition of the light as well as plaintiff did. In setting him to work with it, it could claim that plaintiff assumed the risks ordinarily incident to its use, but not further. That is to say, plaintiff would still have the right to rely on the master's exercising ordinary care with reference to his safety under such existing conditions, and in avoiding any negligence which would increase his danger under such conditions. The evidence might be uncontradicted to the effect that with a good light on the engine this injury would not have occurred, still defendant could not surround plaintiff with the conditions under which he worked, then misplace the switch ahead of him and say: "You knew that with a better light you could have discovered this danger in time to have saved yourself from it, and therefore you assumed the risk of it, although you might not have been able to avoid it with the light furnished you." This follows, if there is anything in the rule that an employe is not required to anticipate the master's negligence. In this case it was not known to plaintiff that the track ahead of him was in this defective condition; he could not be found to have anticipated it, if he had a right, as is the law, to rely on his master exercising reasonable care with respect to his safety. Therefore the charge complained of in the first assignment was not wrong in not allowing the jury to find that plaintiff, in using this light, assumed the risk of such extraordinary danger created by appellant.

It seems to us that the charge complained of went far enough, probably too far, in allowing the jury to find that plaintiff's injury resulted from a risk ordinarily incident to his employment. We can see how appellant was entitled to have the question of plaintiff's contributory negligence submitted, but this was fully submitted.

The motion is overruled.

*Overruled.*

Writ of error refused.