## KUHNERT v. UNITED STATES.

### No. 12158.

Circuit Court of Appeals, Eighth Circuit.

May 20, 1942.

Rehearing Denied June 10, 1942.

Louis Kranitz and Alva F. Lindsay, both of St. Joseph, Mo., for appellant.

Richard K. Phelps, Asst. U. S. Atty., of Kansas City, Mo. (Maurice M. Milligan, U. S. Atty., and Charles F. Lamkin, Jr., Asst. U. S. Atty., both of Kansas City, Mo., on the brief), for appellee.

Before SANBORN and WOODROUGH, Circuit Judges, and TRIMBLE, District Judge.

SANBORN, Circuit Judge.

The question for decision is whether, upon the facts found by the court below, the appellant was entitled to judgment.

This action was brought by appellant against the United States under the authority of a Private Act of Congress, approved August 11, 1939, c. 707, 53 Stat. 1543, which conferred jurisdiction on the trial court "to hear, determine, and render judgment without interest, but with costs, under and in accordance with the same provisions of law as if the United States were a private party upon the claims" of specified claimants, including the appellant. The Act states that: "Said claims arise out of a flood allegedly resulting from the defective or improper placing and construction of dikes or revetments in the Missouri River by the War Department of the United States, at or near Bean Lake in Platte County, and Sugar Lake in Buchanan County, in the State of Missouri, in the month of March 1934." By the terms of the Act, the United States Attorney for the Western District of Missouri was charged with the duty of defending the United States. The Act directed the payment of any final judgment by the Secretary of the Treasury, and that "such payment shall be in full settlement of all claims against the United States on account of claims arising out of such flood damage." The Act was entitled, "An Act to confer jurisdiction on the District Court of the United States for the Western District of Missouri to hear, determine, and render judgment upon the claims of certain claimants who suffered loss by flood at or near Bean Lake in Platte County, and Sugar Lake in Buchanan County, in the State of Missouri, during the month of March 1934."

The appellant took assignments of their claims from other claimants and filed a petition in the court below, alleging that prior to March 6, 1934, the United States constructed dikes or revetments in the Missouri River adjacent to the property of the appellant and his assignors in such a way as to cause a sharp and hazardous bend in the channel of the river, and that the Government knew, or by the exercise of reasonable care should have known, the danger of stopping or retarding the flow of the waters in the river and of flooding adjacent farm land. Appellant further alleged that on March 6, 1934, during a normal flow of water, the river became clogged with ice and debris as a result of the condition created by the Government structures, causing the water to back up in the river and to overflow the lands of the appellant and his assignors, to their damage. The appellant alleged that by the Private Act authorizing the action, Congress "declared the intention of the defendant [United States] to pay the damages caused to plaintiff [appellant] and his assignors upon proof that said dike, dikes or revetments were the direct and proximate cause of said flood, and that said flood resulted in damages to plaintiff's and his assignors' properties." The appellant's petition specified in detail the amount of damage caused by the flood to his property and to that of each of his assignors.

The United States in its answer admitted the construction of dikes and revetments in the Missouri River adjacent to the lands referred to in the petition, but denied that thereby a hazardous condition was created or that it had any notice or knowledge of any danger of stopping or retarding the flow of the river. The United States admitted that on March 6, 1934, an overflowing of the lands and property of the appellant and his assignors had occurred, but denied that the flood was caused by any condition created by the United States. It was asserted in the answer that the structures complained of were built by the United States in aid of navigation, under the authority of Acts of Congress and in accordance with the best engineering experience and practice.

The issues were tried and the District Court made complete findings of fact. It found that the structures referred to in the pleadings were the proximate cause of

the flooding of the lands of the appellant and his assignors. It found the exact amount of damages caused by the flood to the appellant's property and to the property of each of his assignors. But the court found that: "The dikes and other government work referred to in the pleadings, in the evidence and in the preceding findings of fact were constructed for the purpose of improving the navigation of the Missouri River by competent engineers in accordance with the best engineering principles then known and in the light of all the knowledge accessible at the time, in a careful and prudent manner. The engineers who constructed and supervised the construction of these dikes had no reason to apprehend that they would not successfully accomplish their intended purpose nor that they would cause the overflow of the lands of plaintiff and his assignors." 36 F.Supp. 798, 803. The court concluded that, as a matter of law, the appellant was not entitled to recover, and judgment was entered accordingly. This appeal is from the judgment.

It is the contention of the appellant that, by the terms of the Private Act under which this action was brought, Congress not only consented that the United States might be sued as though it were a private party, but also provided that the liability of the United States for damages should be the same as that of a private party who had built the accused structures in the bed of the Missouri River. Appellant contends that, under the laws of Missouri, such a private party would, regardless of negligence, be liable for damages caused by an overflow due to the building of structures in the river, and that therefore it was clearly the intention of Congress that the appellant was to have judgment if he proved that the structures built by the United States caused the overflow and the resulting damage.

The trial court was unable to accept appellant's interpretation of the Act. It thought that the reasonable interpretation was that "so far as the matter of jurisdiction is concerned the position of the United States is that of a private party in any case brought pursuant to this statute." It also thought that the phrase "under and in accordance with the same principles of law as if the United States were a private party" perhaps referred to the phrase "with costs" immediately preceding. Counsel for the United States is of the opinion that it was the intention of Congress that it was only with respect to jurisdiction and costs that the United States was to be treated as a private party in the action, and that the question of liability for damages was not touched upon.

 Our consideration of the language of the Act and its legislative history satisfies us that it can not be ruled that the Act provided that if the claimants named in it proved no more than that the overflowing of their lands was caused by the structures built by the United States in the bed of the Missouri River adjacent to their lands, the court was to enter judgment for the amount of damages which they suffered. If the intent of Congress was, as the appellant claims, to create causes of action against the United States, in favor of the claimants named in the Act, for consequential damages occasioned by the building of structures in the Missouri River in aid of navigation, without regard to fault in location or construction, the language of the Act was better calculated to conceal than to express that intention. In Eastern Transportation Co. v. United States, 272 U.S. 675, 686, 47 S.Ct. 289, 291, 71 L.Ed. 472, the Supreme Court said: "The sovereignty of the United States raises a presumption against its suability, unless it is clearly shown; nor should a court enlarge its liability to suit conferred beyond what the language requires." See, also, United States v. Michel, 282 U.S. 656, 659, 51 S.Ct. 284, 75 L.Ed. 598, and compare United States v. Russell & Tucker, 5 Cir., 95 F.2d 684, and United States v. Price, 5 Cir., 95 F.2d 687. We think that no court would be justified in interpreting an act of Congress as creating a new cause of action against, or imposing a new liability upon, the United States unless the language of the act was clearly susceptible of no other reasonable construction. If Congress now desires that the damages found by the trial court to have resulted from the accused structures built in the Missouri River shall be paid, all that is necessary is the passage of an act directing the Secretary of the Treasury to pay them.

The judgment of the trial court, we think, was right. It is affirmed.