**MASSEY v. UNITED STATES.**

No. 6440.

United States Court of Appeals
Fourth Circuit.

Argued June 16, 1952.

Decided July 24, 1952.

J. D. Todd, Jr., Greenville, S. C., for appellant.

W. A. Bull, Asst. U. S. Atty., Greenville, S. C. (John C. Williams, U. S. Atty., Greenville, S. C., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

This is an appeal by Waymon H. Massey from a final judgment of the United States District Court for the Western District of South Carolina, entering judgment for the defendant. The suit was brought by the plaintiff against the United States for injuries received by him as a result of an airplane crash at the Auburn-Opelika, Alabama, Airport on February 24, 1943 while he was giving flight instruction to Naval Aviation Cadet Woodward. Massey received serious and severe injuries of a permanent nature. The suit was authorized by Private Law 1036, 81st Congress, Chapter 1100, 2nd Session.

The District Court found, as a fact, that the crash was caused by the negligence of the Naval Aviation Cadet in interfering with and freezing to the controls of the airplane; but denied recovery on the ground that plaintiff knew and appreciated the risk involved in flying a dual control airplane with a student, and voluntarily exposed himself to such damage by giving such instruction, thus assuming the risk of such action on the part of the student.

At the time of the accident, Massey and Woodward were flying a dual control Piper Cub airplane. Because of an approaching fog, Massey determined they should return to the airport and land. In attempting to land, the plane crashed.

Massey was an employee of the Alabama Air Service which was under contract with the government to train pilots for the armed services. Massey had been assigned to this school by the Civil Aeronautics Authority, as a part of the extensive wartime effort to build up our air force. As an employee of the Alabama Air Service, Massey received under the provisions of the Alabama Workmen's Compensation Law approximately Five Thousand Dollars ($5,000.00). Cadet Woodward had approximately thirty-five hours of flying time to his credit, but was an inexperienced pilot taking primary training. Massey was an experienced and licensed pilot instructor.

Jurisdiction was conferred on the District Court by Private Law 1036, approved

by Congress September 28, 1950, which reads as follows:

"(Private Law 1036—81st. Congress) (Chapter 1100-2d. Session) (H. R. 1025) An Act For the relief of Waymon H. Massey. Be It Enacted By the House of Representatives of the United States of America In Congress Assembled, That jurisdiction is hereby conferred upon the United States District Court for the Western District of South Carolina to hear, determine, and render judgment upon the claim of Waymon H. Massey, of Greenville, South Carolina, for injuries sustained by him on February 24, 1943, through the alleged negligence of a United States naval aviation cadet, while engaged in giving flight instruction to said naval aviation cadet at Auburn, Alabama, and while in the employ of the Alabama Air Service which was under contract with the Civil Aeronautics Administration to train Navy personnel for flying, the said Waymon H. Massey having been assigned to the Alabama Air Service by the Civil Aeronautics Administration: Provided, however, That nothing in this Act does or shall constitute an admission of liability on the part of the United States. Approved September 28, 1950."

When first introduced into the House of Representatives, the Act authorized the payment to Massey, on account of his injuries, of the sum of Ten Thousand Dollars. The Act was then amended to confer jurisdiction upon the District Court to decide on Massey's claim rather than as a bill of direct appropriation. The President refused to sign the amended bill unless the word "alleged" be inserted before the word "negligence," and the proviso added: "That nothing in this Act does or shall constitute an admission of liability on the part of the United States." The bill was then further amended to conform to the President's suggestion and passed by Congress and approved by the President, in the words set out above.

Appellant's contention is that Congress intended to confer jurisdiction upon

the District Court to determine whether or not the crash occurred as Massey claimed it did, i.e., because the cadet froze to the controls, and if it was determined that the crash did occur in that manner, then Massey was to recover. We find no merit in this contention, and we fully agree with the holding of the District Judge:

"In passing the Private Act, it is my opinion that Congress did not intend to do more than to waive the government's immunity from suit, and to give the plaintiff an opportunity to bring an action in the United States District Court for the Western District of South Carolina upon his claim for damages, to determine the liability of the United States upon the law and the facts for the injuries sustained by him."

See the opinion of Chief Judge Parker, speaking for our Court in Grant v. United States, 4 Cir., 192 F.2d 482, 484, and cases there cited. See, also, McMahon v. United States, 342 U.S. 25, 72 S.Ct. 17; Feres v. United States, 340 U.S. 135, 141, 71 S.Ct. 153, 95 L.Ed. 152; United States v. Michel, 282 U.S. 656, 659, 51 S.Ct. 284, 75 L.Ed. 598; Eastern Transportation Co. v. United States, 272 U.S. 675, 686, 47 S.Ct. 289, 71 L. Ed. 472; Kuhnert v. United States, 8 Cir., 127 F.2d 824, 826. This conclusion is further sustained by the legislative history of the Act. Nor is there anything in the cases cited by appellant which would warrant any other conclusion.

The District Judge was correct in determining liability here according to the law of Alabama, where the accident and injuries to the plaintiff occurred. Clearly, the *lex loci delicti* is applicable and controlling.

Finding the Fact No. 2 by the District Judge reads:

"The plaintiff knew of and appreciated the danger involved in riding in a dual-control airplane with a student pilot at one of the controls, and with such knowledge and appreciation he voluntarily exposed himself to such danger and thereby assumed the risk incurred incident thereto."

The District Judge then held that under the Alabama law the defense of assumption of risk was valid and judgment was, accordingly, entered for the defendant, United States. We think the District Judge's finding has ample support in the record, and that he correctly interpreted and applied the applicable Alabama law. The judgment of the District Court must, therefore, be affirmed.

In the case of King v. Woodward Iron Co., 177 Ala. 487, 59 So. 264, at page 269, the Supreme Court of Alabama said:

" 'The term "assumed risk" includes generally any form of assumed risks; that is to say, risks originally incident to the work, as well as risks not so incident, but arising from the circumstance that the danger was a known one. International & G. N. R. Co. v. Moynahan, 33 Tex.Civ.App. 302 [303] 76 S.W. 803, 804. The assumption of a risk appears to involve the fact of comprehension that a peril is to be encountered and a willingness to encounter it; that is to say, a positive exercise of a volition in the form of an assent to the risk. Adolff v. Columbia Pretzel & Baking Co., 100 Mo.App. 199, 73 S.W. 321, 324.' 1 Words and Phrases, p. 589."

In McGeever v. O'Bryne, 203 Ala. 266, 82 So. 508 and in King v. Woodward Iron Co., 177 Ala. 487, 59 So. 264, assumption of risk was held a valid defense where the plaintiff knew and appreciated the danger and voluntarily put himself into the way of it. These cases seem effectively to settle the applicable Alabama law. Cf. Baruch v. Sapp, 4 Cir., 178 F.2d 382, 386, 13 A.L.R. 2d 1131.

The case of the plaintiff here appeals strongly to our sympathies. We could well wish that Congress had passed the original Act awarding Massey $10,000.00. That question, however, was for Congress, not for us. Under the Act, as finally passed, we and the District Court could only apply the law as we found it.

The judgment of the District Court is affirmed.

Affirmed.