**Gerald D. PETERSON, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

No. 20208.

United States Court of Appeals,
Eighth Circuit.

July 10, 1970.

Gerald D. Peterson, pro se.

Bert C. Hurn, U. S. Atty., Kansas City, Mo., and Charles E. French, Asst. U. S. Atty., on brief for appellee.

Before MATTHES, Chief Judge, JOHNSEN, Senior Circuit Judge, and LAY, Circuit Judge.

PER CURIAM.

This is the third time Gerald D. Peterson has been in this court on appeals from judgments of the United States District Court for the Western District of Missouri. First, we affirmed his conviction for violations of narcotic laws. Peterson v. United States, 405 F.2d 102 (8th Cir.), cert. denied, 395 U.S. 938, 89 S.Ct. 2003, 23 L.Ed.2d 453 (1969). Second, his conviction for violation of 18 U.S.C. § 2113(a) was affirmed. Peterson v. United States, 411 F.2d 1074 (8th Cir.), cert. denied, 396 U.S. 920, 90 S.Ct. 920, 24 L.Ed.2d 199 (1969). Now, he is here on an appeal from an order of the district court dismissing his action for damages, without prejudice. Again, we affirm.

Appellant, who is confined in the federal penitentiary at Leavenworth, Kansas, filed a complaint in this action against the United States of America seeking to recover $500,000 as damages for deprivation of his rights under the Fourth and Fifth Amendments of the United States Constitution, allegedly emanating from an illegal and unreasonable search of his home by federal officers. He invoked the jurisdiction of the federal court under 28 U.S.C. §§ 1343 and 1346 and 28 U.S.C. Chapter 171 (Federal Tort Claims Act).

Judge Hunter reached the conclusion, largely on the authority of Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 49 F.2d 718 (2d Cir. 1969), that appellant was not entitled to monetary relief by virtue of the claimed unreasonable search.

Alternatively, Judge Hunter reasoned that even if appellant's complaint stated a claim for relief grounded on a constitutional invasion or for the tortious con-

duct of the F.B.I. agents that the action had to be dismissed for failure of appellant to comply with the provisions of 28 U.S.C. § 2675(a).

We hold that the alternative theory relied upon by Judge Hunter compelled the dismissal of the action.

It is settled that the United States, as sovereign, is immune from suit unless it has consented to be sued. United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); Iowa Public Service Company v. Iowa State Commerce Comm., 407 F.2d 916, 920 (8th Cir.), cert. denied, 396 U.S. 826, 90 S.Ct. 71, 24 L.Ed.2d 77 (1969); Simons v. Vinson, 394 F.2d 732 (5th Cir.), cert. denied, 393 U.S. 968, 89 S.Ct. 398, 21 L.Ed.2d 379 (1968). A corollary to the immunity doctrine is the rule that the United States may define the conditions under which actions are permitted against it. Honda v. Clark, 386 U.S. 484, 501, 87 S.Ct. 1188, 18 L.Ed.2d 244 (1967); Battaglia v. United States, 303 F.2d 683, 685 (2d Cir. 1962); Kuhnert v. United States, 127 F.2d 824 (8th Cir. 1942). 28 U.S.C. § 2675(a) as amended in 1966 provides in pertinent part that:

> "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government * * * unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing. * * *"

As Judge Hunter demonstrated the events upon which appellant relies occurred after the effective date of the 1966 amendment of § 2675(a). It also conclusively appears that appellant has failed to comply with the requirement of § 2675(a) in that he has not processed his claim through the administrative channels. Thus, it is abundantly clear that appellant's action, having been prematurely filed, was properly dismissed.

Affirmed.