Christine Roth MELO, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 74–1169.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 17, 1974.

Decided Nov. 7, 1974.

William Bauer, Burlington, Iowa, for appellant.

Paul A. Zoss, Asst. U. S. Atty., Des Moines, Iowa, for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, and BRIGHT and ROSS, Circuit Judges.

VAN OOSTERHOUT, Senior Circuit Judge.

This is a timely appeal by plaintiff Christine Roth Melo from final order sustaining motion as amended, filed pursuant to Rule 12(b), Fed.R.Civ.P., to dismiss plaintiff's complaint by reason of plaintiff's failure to exhaust available administrative remedies as required by 28 U.S.C. § 2675.

The basic facts are not in dispute. Plaintiff and Richard Dean Dyer, an employee of the United States Post Office, were involved in an automobile collision in Burlington, Iowa on November 1, 1971. The Government concedes that Dyer was acting within the scope of his employment at the time of the collision.

Plaintiff's counsel by letter dated November 23, 1971, notified the Post Office Department of the accident and expressed the view that plaintiff was damaged by negligent operation of the postal vehicle and that the postal department and Dyer were responsible for damages caused the plaintiff. The nature of the injuries claimed are not stated in the letter nor is any statement made with reference to the amount of damages claimed.[1]

The postal department acknowledged the receipt of the letter and enclosed Forms SF 95 and stated: "The forms must be completed in full and evidence required to be submitted in support of a claim is noted in the instructions on the reverse of SF 95, * * *."

The plaintiff on October 12, 1973, filed a suit against Mr. Dyer as an individual in the state court. On October

---

1. The letter reads:

This is to advise you that our office represents Mr. and Mrs. Charles Roth and their daughter, Christine, who was involved in an automobile collision with one of your employees. The collision took place on November 1, 1971, at the intersection of Emmett and Washington Streets. It is my understanding that the driver of your vehicle was Richard Dyer.

We also represent Mr. Pat Melo who owned the vehicle. Damage to both Mr. Melo and Miss Roth is undetermined at this point.

Please be advised that it is our opinion that the driver of your vehicle was negligent in his operation of the motor vehicle, and therefore, he and the postal department are responsible for the ensuing damage done to Mr. Melo and Miss Roth.

We would appreciate it if any further communication or questions that you may have with respect to this claim be through our office.

31, 1973, on motion of the United States, the case was removed to the federal court and the United States was substituted as party defendant, all as provided in 28 U.S.C. § 2679(d).

Defendant's motion as amended to dismiss urged that the court lacked jurisdiction by reason of plaintiff's failure to exhaust administrative remedies as required by 28 U.S.C. § 2675(a), and additionally that the claim is barred by the two-year statute of limitations provided by 28 U.S.C. § 2401(b).

The trial court in its dismissal order states "plaintiff's failure to exhaust her administrative remedies is fatal to her case and it must be dismissed."

■ The basic issue raised by this appeal is whether plaintiff's counsel's letter of November 23 constitutes a claim against the United States as contemplated by 28 U.S.C. § 2675(a). We agree with the trial court's determination that the claim as made did not meet the statutory requirements and that hence the case must be dismissed by reason of plaintiff's failure to exhaust her administrative remedies.

■ We adhere to our holding in Peterson v. United States, 428 F.2d 368, 369 (8th Cir. 1970), where we stated:

It is settled that the United States, as sovereign, is immune from suit unless it has consented to be sued. United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); Iowa Public Service Company v. Iowa State Commerce Comm., 407 F.2d 916, 920 (8th Cir.), cert. denied, 396 U.S. 826, 90 S.Ct. 71, 24 L.Ed.2d 77 (1969); Simons v. Vinson, 394 F.2d 732 (5th Cir.), cert. denied, 393 U.S. 968, 89 S.Ct. 398, 21 L.Ed.2d 379 (1968). A corollary to the immunity doctrine is the rule that the United States may define the conditions under which actions are permitted against it. Honda v. Clark, 386 U.S. 484, 501, 87 S.Ct. 1188, 18 L.Ed.2d 244 (1967); Battaglia v. United States, 303 F.2d 683, 685 (2d Cir.

1962); Kuhnert v. United States, 127 F.2d 824 (8th Cir. 1942).

Twenty-eight U.S.C. Ch. 171 delineates the procedure for tort claims against the United States and is controlling. Section 2675(a) of this chapter provides in part:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government * * * unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing * * *.

■ Section 2675 clearly makes the filing of an administrative claim a mandatory condition precedent to the filing of civil action against the United States for damages arising from the negligent act or omission of any Government employee acting within the scope of his employment. Best Bearings Co. v. United States, 463 F.2d 1177 (7th Cir. 1972); Bialowas v. United States, 443 F.2d 1047 (3d Cir. 1971); Meeker v. United States, 435 F.2d 1219 (8th Cir. 1970).

■ Thirty-nine C.F.R. § 912.5 provides:

For purposes of this part, a claim shall be deemed to have been presented when the U. S. Postal Service receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95, Claim for Damage or Injury, or other written notification of an incident, *accompanied by a claim for money damages in a sum certain* for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident. (Emphasis added.)

Twenty-eight C.F.R. § 14.2(a), a part of the regulations governing administrative claims under the Federal Torts Act, is substantially the same as 39 C.F.R. § 912.5, relating to claims against the post

office department. Twenty-eight C.F.R. § 14.2(a) contains the identical language of 39 C.F.R. § 912.5 requiring a claim for money damages to be in a sum certain.

In Caton v. United States, 495 F.2d 635, 637 (9th Cir. 1974), the court, for sound reasons set out in its opinion, rejects an attack on the validity of 28 C.F.R. § 14.2(a) stating:

> We hold that there was a rational basis for the regulation and that it was necessary in order to enable the heads of Federal agencies and the Attorney General to carry out their respective duties in connection with processing and attempting to settle claims under the Tort Claims Act.

In that case the plaintiff in his claim stated with respect to the amount of his claim "unknown at this time." The court held the plaintiff's claim failed to comply with the regulation and hence that the claim did not meet jurisdictional requirement of § 2675(a). We hold that the regulation found in 39 C.F.R. § 912.5 is valid. The reasoning in *Caton* with respect to 28 C.F.R. § 14.2(a) fully supports such determination.

In Avril v. United States, 461 F.2d 1090, 1091 (9th Cir. 1972), the court was confronted with a situation where no amount of damages was claimed. The court dismissed the action for failure to exhaust administrative remedies, holding that the purported claim did not meet the requirements of the statute. The court held:

> [T]he requirement that a sum certain be claimed is clearly implied from the statute itself, 28 U.S.C. § 2675, * * *. It is plain that the required "claim" is something more than mere notice of an accident and an injury. The term "claim" contemplates, in general usage, a demand for payment or relief, and, unless it is a claim *for* something, is no claim at all.

In Bialowas v. United States, *supra,* no specific sum claimed was set forth in the purported claim. The court in affirming the judgment dismissing the claim for failure to exhaust administrative remedies states:

> The initial purpose of the regulations requiring a statement of the specific sum claimed is to enable a determination by the head of the federal agency as to whether the claim falls within the jurisdictional limits of his exclusive authority to process, settle or to properly adjudicate the claim. Above those limits the settlement must have the prior written approval of the Attorney General or his designee. Furthermore, the requirements of the regulations are intended to set up uniform procedures in the exercise of settlement authority. [443 F.2d, at 1050.]

Section 2675(b) provides that subject to certain exceptions not here relevant the amount of the recovery shall not exceed the amount of the claim presented to the federal agency.

Thus it is apparent that § 2675 requires the claim to the agency set out the amount of damage claimed. It is clear that plaintiff's purported claim set out in footnote 1, *supra,* does not constitute a claim contemplated by § 2675 in that it fails to state the nature of plaintiff's injuries and the dollar amount claimed therefor.

█ The filing of a suit against the postal employee individually does not confer jurisdiction in the federal court to which the action was transferred. We held in Meeker v. United States, 435 F.2d 1219 (8th Cir. 1970), that the administrative remedy requirements of § 2675 cannot be circumvented by commencing an action against a Government employee in the state court. Judge Matthes' well-reasoned opinion in that case sets forth the basis for such result. We adhere to the view there expressed.

█ Plaintiff makes the additional contention that the postal department's failure to give plaintiff notice of the disposition of her claim within six months, as required by § 2675(a), satisfies the exhaustion of remedies requirement. Such contention lacks merit. As

heretofore set out, plaintiff has not filed a proper claim within the contemplation of the statute. The duty of the postal department to consider a claim does not arise until a proper claim has been filed. In any event, plaintiff was adequately advised by the defendant's letter that it did not consider plaintiff's letter to be a proper claim.

 The trial court, by reason of plaintiff's failure to exhaust her administrative remedies, acquired no jurisdiction over the plaintiff's claim. When it clearly appears that the court lacks jurisdiction, the court has no authority to reach the merits. In such a situation the action should be dismissed for want of jurisdiction.

The § 2401(b) statute of limitations issue was raised in the motion to dismiss. Such issue is not specifically mentioned in the trial court's order. A possibility exists that the court's order sustaining the motion to dismiss could be construed to cover the statute of limitations issue. Rule 41(b), Fed.R.Civ.P., provides: "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, * * * operates as an adjudication upon the merits." While we have reason to believe that the trial court's order of dismissal is based solely on lack of jurisdiction resulting from failure to exhaust administrative remedies, we think that any uncertainty in this respect should be removed and

that the dismissal order should be amended to show that the dismissal is for want of jurisdiction.

The judgment of dismissal is amended to show that it is based on want of jurisdiction, and as so amended the judgment is affirmed.

BRIGHT, Circuit Judge (concurring):

I concur in Judge Van Oosterhout's excellent analysis of the requirements for exhaustion of administrative remedies as a prerequisite to suit under the Federal Tort Claims Act.

The Government on appeal urges two defenses as grounds for affirmance: 1) failure of appellant to exhaust administrative remedies, and 2) the running of the applicable statute of limitations. With respect to the latter defense, it is appropriate to observe that appellant may have indirectly given actual notice to the Post Office Department of the amount of her claim by serving a summons and complaint, in the state court action, within two years of the accrual of the claim. See 28 U.S.C. § 2401(b).[1] Appellant brought the state action, which was subsequently removed to federal court, against the driver-postal employee involved in the accident. Whether such notice suffices to satisfy the administrative claim filing requirements of 28 U.S.C. § 2675(a) and the applicable regulation thereunder,[2] and thus serves to bring appellant's claim within the statute of limitations, is a question not before us on this appeal and on which I express no opinion.

---

1. 28 U.S.C. § 2401(b) reads as follows:
 (b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

2. 39 C.F.R. § 912.5 provides:
 For purpose of this part, a claim shall be deemed to have been presented when the

U. S. Postal Service receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95, Claim for Damage or Injury, or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident. Standard Form 95 may be obtained from postmaster, postal inspectors, or other local Postal Service establishments.