**Lori KING & Ken King, her husband, Plaintiffs,**

v.

**LEDERLE LABORATORIES DIVISION OF AMERICAN CYANAMID COMPANY and the United States of America, and unknown employees of the Department of Health, Education and Welfare, Defendants.**

No. 81–5005.

United States District Court,
W. D. Arkansas,
Fayetteville Division.

Nov. 25, 1981.

Walter S. Kyle, Hollywood, Fla., for plaintiffs.

P. H. Hardin, Hardin, Jesson & Dawson, Fort Smith, Ark., for defendants.

## MEMORANDUM OPINION

WATERS, Chief Judge.

In this action Mrs. Lori King seeks damages from Lederle Laboratories, the United States and unknown employees of the Department of Health, Education and Welfare on the grounds that due to the defendants' fault she contracted poliomyelitis after her infant son was immunized with Orimune, a live poliovirus vaccine manufactured by Lederle. Mrs. King's husband, Ken King, is also a party plaintiff. The case is before the court on the motion to dismiss of the United States and its unknown employees which we find must be granted.

In their original and amended complaints the plaintiffs plead that the United States and its unknown employees are liable for negligence, for breaching statutory and regulatory duties, for "strict liability in tort" and for violating plaintiffs' constitutional rights. Plaintiffs have never pleaded that the government is liable under the Federal Tort Claims Act, 28 U.S.C. Sec. 2671 et seq., that jurisdiction exists under 28 U.S.C. Sec. 1346(b), or that plaintiffs have presented their claim to the appropriate federal agency as is required by 28 U.S.C. Sec. 2675. Instead plaintiffs have pleaded jurisdiction exists over the claim against the government under 28 U.S.C. Sec. 1331(a) "for a violation of plaintiff's constitutional rights".

The action was commenced on January 19, 1981. On June 22, 1981, the government moved to dismiss pointing out that plaintiffs had not pursued their administrative remedies, an absolute prerequisite to the maintenance of an action against the government under the Federal Tort Claims Act. The government supported its motion with the affidavit of Sarah Hertz in which she averred the plaintiffs had not filed an administrative claim against the Department of Health, Education and Welfare or the Department of Health and Human Services. The plaintiffs never responded to the motion to dismiss, but filed an amended pleading which is silent on the issue of exhaustion and which omits any mention of the Federal Tort Claims Act.

■ Plaintiffs' cause of action against the United States for negligence, for strict liability in tort and for breach of statutory and regulatory duties must be dismissed. The Federal Tort Claims Act contains the only waiver of sovereign immunity applicable to plaintiffs' tort claim but plaintiffs have not presented their claim to the Department of Health and Human Services as is required by the Federal Tort Claims Act, 28 U.S.C. Sec. 2675. See *Melo v. United States*, 505 F.2d 1026 (8th Cir. 1974) (holding dismissal is proper for non-compliance with 28 U.S.C. Sec. 2675).

■ Plaintiffs' cause of action against the government for constitutional violations must also be dismissed. A similar case has recently been decided by the Court of Appeals for the Eighth Circuit, *Loge v. United States*, (8th Cir. Nov. 6, 1981). In *Loge* the plaintiffs pleaded that Mrs. Loge had contracted polio after her infant had been vaccinated with Orimune. The Loges who had exhausted their administrative remedies brought suit against the United States for tort and for violation of their constitutional rights. In holding that the Loges had failed to state a cause of action for violation of their constitutional rights, the court stated at p. 15 of the slip opinion:

"Not even the most general clauses of the Constitution, such as the Due Process Clause of the Fifth Amendment, should be read as conferring upon the courts the right to superintend every action of government that may adversely affect some citizen. While we recognize our duty to condemn forthrightly any governmental action that contravenes the Constitution, we are also aware that this function must be kept within bounds. To find that the Loges' allegations state causes of action under the Constitution would be to overstep these bounds. We therefore affirm the district court's dismissal of these constitutional claims."

■ The unknown employees of the Department of Health and Human Services, formerly the Department of Health, Education and Welfare, have also moved to dismiss. To the extent plaintiffs contend the unknown employees violated plaintiffs' constitutional rights, plaintiffs have failed to

state a cause of action. *Loge v. United States*, ibid. Plaintiffs' cause of action against the unnamed employees for negligence, supplying an unsafe product and breaches of statutory and regulatory duties must also be dismissed. The employees have not been served with process and therefore this court is without personal jurisdiction over them. The dismissal of the unnamed employees will be without prejudice.

Local Rule 20(b) requires one who resists a motion to respond within ten (10) days. Although the United States and the unnamed employees filed their motion to dismiss on June 22, 1981, plaintiffs have never responded. Plaintiffs' violation of Local Rule 20(b) is an additional reason for granting the motion to dismiss.

A separate order will be entered in accord with this opinion.