# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1721

_____

Jade Mound, and on behalf of the heirs at law Personal Representative Trudy Peterson estate of Trudy Peterson; Ron Vander Wal, and on behalf of the heirs at law Personal Representative James Vander Wal estate of James Vander Wal; Evan Thompson; Steven Willard; Sonja Willard

*Plaintiffs - Appellants*

v.

United States of America

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of North Dakota - Western

_____

Submitted: December 14, 2022
Filed: June 9, 2023

_____

Before LOKEN, MELLOY, and KOBES, Circuit Judges.

_____

KOBES, Circuit Judge.

Plaintiffs-Appellants sued the United States under the Federal Tort Claims Act (FTCA), alleging that the Standing Rock Sioux Tribe failed to warn motorists

of unsafe road conditions. The district court[1] held that it lacked subject matter jurisdiction, and we affirm.

## I.

The Bureau of Indian Affairs is responsible for maintaining Indian reservation roads, but eligible tribes can take over this duty in exchange for federal funding. The Standing Rock Sioux Tribe contracted with the BIA to maintain the roads within the Standing Rock Reservation. The contract provided that the Tribe would "preserve, upkeep and restore" roads "within available funding." The "frequency and type of maintenance" would "be at the discretion of the [Tribe], taking into consideration traffic requirements, weather conditions and the availability of funds." Other parts of the contract had similar language.[2]

In 2014, the Tribe identified a culvert—a structure that channels water under a road—as a potential maintenance project. In 2018, based on an engineering assessment, the Tribe decided to replace the culvert. Because its existing contract did not authorize funding for the project, the Tribe sought a new contract with the BIA. Before the new contract was finalized, heavy rains collapsed the culvert, leaving a large gap in the road. Four cars drove into the gap and plunged into the water. Trudy Peterson and James Vander Wal were swept downstream and died. Evan Thompson and Steven Willard suffered serious injuries.

The Plaintiffs are the estates and heirs of Peterson and Vander Wal, along with Thompson, Willard, and Willard's wife. Together, they brought an FTCA claim, alleging that the Tribe negligently failed to warn them of unsafe road conditions. Specifically, they alleged that the Tribe knew the culvert was at risk of collapse and

[1]The Honorable Daniel L. Hovland, United States District Judge for the District of North Dakota.

[2]For example, the contract provided that the Tribe would "ensure . . . the safety" of "roads and bridges" in accordance with the Tribe's chosen maintenance standard, but that the Tribe would do so "[s]ubject to the availability of funding" and "to the greatest extent feasible given the limitations of contract funding."

should have posted a sign reading: "Culvert washout potential ahead. Proceed with caution in rainstorm."

The United States moved to dismiss. *See Hinsley v. Standing Rock Child Protective Servs.*, 516 F.3d 668, 672 (8th Cir. 2008) (explaining that under the FTCA, "[t]ort claims against [contracting] tribes . . . are considered claims against the United States"). The district court granted the motion, holding that it lacked subject matter jurisdiction under the FTCA's discretionary function exception.

II.

We review a district court's dismissal for lack of subject matter jurisdiction *de novo*. *Herden v. United States*, 726 F.3d 1042, 1046 (8th Cir. 2013).

As a sovereign, the United States is immune from suit. *Peterson v. United States*, 428 F.2d 368, 369 (8th Cir. 1970). It has waived immunity in some FTCA cases, *see* 28 U.S.C. § 1346(b)(1), but expressly retains immunity in cases involving "a discretionary function or duty." *Id.* § 2680(a). If the discretionary function exception applies, "it is a jurisdictional bar to suit." *Herden*, 726 F.3d at 1046 (citation omitted).

To determine whether this case involves "a discretionary function or duty," we apply a two-step test. *See United States v. Gaubert*, 499 U.S. 315, 322–23 (1991). The Plaintiffs do not appear to contest that the first step of the test—that the conduct at issue "involve[d] an element of judgment or choice"—is satisfied.[3] *Id.* at

---

[3]Even if we were to consider the first step of *Gaubert*, we agree with the district court that it is satisfied. If a "federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow," then the discretionary function exception does not apply because the decision does not involve judgment or choice. *Gaubert*, 499 U.S. at 322 (citation omitted). Here, there was no federal statute, regulation, or policy requiring the Tribe to erect warning warns. The Tribe had discretion over how to maintain roads located within the Standing Rock Reservation, including whether to warn motorists of unsafe road conditions.

322 (cleaned up). So, we only need to consider step two: whether the Tribe's decision about whether to warn motorists of unsafe road conditions is "of the kind that the discretionary function exception was designed to shield." *Id.* at 322–23 (citation omitted). Because the exception is meant to "prevent judicial second-guessing of . . . decisions grounded in social, economic, and political policy," *id.* at 323 (cleaned up), we ask whether the conduct at issue was "susceptible to policy analysis," *id.* at 325.

In *Demery v. U.S. Department of Interior*, we found that a similar failure-to-warn challenge failed because it was "susceptible to policy analysis." 357 F.3d 830, 834 (8th Cir. 2004). There, a woman drowned after driving her snowmobile into a lake. *Id.* at 832. At the time, the BIA was aerating the lake to prevent it from freezing. *Id.* The plaintiff alleged that the BIA failed to mark the open water properly and to warn the public of its dangers. *Id.* Considering step two of the *Gaubert* test, we held that the decision about whether to warn was "susceptible to a policy analysis that weighs the benefits of the warning (e.g., increased safety) with its costs (e.g., the cost of erecting the warnings)." *Id.* at 834. Here, the Tribe's decision about whether to erect warning signs also required a balance of safety versus cost. The Plaintiffs emphasize that there is no evidence that the BIA ever performed this weighing. But the BIA did not need to make a "conscious decision regarding policy factors so long as the decision [about whether to warn] was susceptible to a balancing of public policy objectives." *Metter v. United States*, 785 F.3d 1227, 1233 (8th Cir. 2015) (citation omitted).

The Plaintiffs further emphasize that the Tribe's only policy interest is funding, yet the cost of a warning sign would have been de minimis. They argue that our holding today will nullify the United States' waiver of sovereign immunity because every contract with a "subject to available funding" clause would invoke the discretionary function exception. But we have considered this argument before and rejected it. In *Walters v. United States*, we held that the discretionary function exception shielded the government from suit "[b]ecause the applicable regulations expressly required the BIA to consider the availability of funds in deciding whether

to perform maintenance on its roads." 474 F.3d 1137, 1140 (8th Cir. 2007). We see no reason to depart from our precedent, especially where the United States has "reserved to itself the right to act without liability for misjudgment and carelessness in the formulation of policy." *Id.* (citation omitted). Plaintiffs "have failed to rebut the presumption that the [Tribe's] decision not to post warning signs was grounded in policy." *Metter*, 785 F.3d at 1232 (citing *Gaubert*, 499 U.S. at 323–24).

## III.

Because we lack subject matter jurisdiction under the FTCA's discretionary function exception, we affirm.

_____