**FARMERS STATE SAVINGS BANK, Appellant,**

v.

**FARMERS HOME ADMINISTRATION, A DIVISION OF THE UNITED STATES DEPARTMENT OF AGRICULTURE, Appellee.**

No. 88–1380.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 18, 1988.

Decided Feb. 6, 1989.

Robert J. Murphy, Independence, Iowa, for appellant.

Paul C. Lillios, Asst. U.S. Atty., Cedar Rapids, Iowa, for appellee.

Before LAY, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

WOLLMAN, Circuit Judge.

Farmers State Savings Bank (Farmers State) appeals the district court's order dismissing its action against the Farmers Home Administration (FmHA) for failure to exhaust administrative remedies pursuant to 28 U.S.C. § 2675(a). We reverse and remand.

In the spring of 1983, Farmers State agreed to loan Wayne Hilliard $80,000, basing its decision on FmHA's oral and written commitments that it was going to make a loan to Hilliard with which Hilliard would repay Farmers State. FmHA, however, did not make the loan, and in February of 1984, Hilliard entered into Chapter 11 bankruptcy.

Because Farmers State believed that it had incurred $80,000 exposure due to FmHA commitments, it wrote to FmHA on March 23, 1984. In its letter, the bank outlined in detail the events that led to its exposure and requested relief, via subordination of an FmHA interest in bankruptcy estate property, in the amount of $80,000. FmHA responded that Hilliard was the proper party to request subordination. It added, however, that "[i]n view of the situation you describe, it is unlikely FmHA will be able to grant the subordination if requested by the borrower."

In May 1985, Farmers State again requested an opportunity to discuss its subordination request with FmHA. FmHA referred the case to the United States Attorney's office. Farmers State then wrote to the assistant United States attorney, warning that litigation would be burdensome and suggesting settlement. The case was

then referred to the Office of the General Counsel of the Department of Agriculture. The regional attorney for this office wrote to Farmers State on November 22, 1985, informing it that he "fail[ed] to see the basis of any allegations" against FmHA. Farmers State responded with a detailed letter that explained its claims against FmHA.

On June 11, 1987, Farmers State initiated this action against FmHA pursuant to the Federal Torts Claim Act (FTCA), 28 U.S.C. §§ 2671–2680. The district court dismissed the action, finding that Farmers State had failed to exhaust administrative remedies pursuant to 28 U.S.C. § 2675(a).

Under section 2675(a), prior presentation of an administrative claim to the appropriate agency is a jurisdictional prerequisite to a suit based on the FTCA. *McMichael v. United States*, 856 F.2d 1026, 1035 (8th Cir.1988). The only question presented here is whether the several letters sent by Farmers State to FmHA and its representatives qualify as proper notice under section 2675(a).

We have considered the notice requirement of section 2675 on several occasions. *See Gross v. United States*, 676 F.2d 295 (8th Cir.1982); *Lunsford v. United States*, 570 F.2d 221 (8th Cir.1977); *Melo v. United States*, 505 F.2d 1026 (8th Cir.1974). These cases stand for the proposition that a claimant satisfies the notice requirement of section 2675 if he provides in writing (1) sufficient information for the agency to investigate the claims, *see Gross*, 676 F.2d at 299, and (2) the amount of damages sought, *see Lunsford*, 570 F.2d at 226; *Melo*, 505 F.2d at 1029. This standard is in accordance with that adopted by other courts of appeals. *See GAF Corp. v. United States*, 818 F.2d 901, 919 (D.C.Cir.1987); *Charlton v. United States*, 743 F.2d 557, 561 (7th Cir.1984); *Warren v. United States Dep't of Interior Bureau of Land Management*, 724 F.2d 776, 780 (9th Cir.1984) (en banc); *Johnson by Johnson v. United States*, 788 F.2d 845, 848 (2d Cir.), *cert. denied*, 479 U.S. 914, 107 S.Ct. 315, 93 L.Ed.2d 288 (1986); *Lopez v. United States*, 758 F.2d 806, 809–10 (1st Cir.1985); *Bush v. United States*, 703 F.2d 491, 494 (11th Cir.1983); *Tucker v. United States Postal Serv.*, 676 F.2d 954, 959 (3d Cir.1982); *Douglas v. United States*, 658 F.2d 445, 447 (6th Cir. 1981); *Adams v. United States*, 615 F.2d 284, 288–89 (5th Cir.1980).

We conclude that Farmers State met the notice requirement of section 2675. We have held that two prerequisites for administrative investigation are the identity of the claimants, *see Lunsford*, 570 F.2d at 226, and the nature of the claims, *see Melo*, 505 F.2d at 1029. Farmers State identified itself and clearly detailed the bases for its claims. Farmers State also specified that $80,000 was the amount it sought to recover from FmHA.

FmHA contends on appeal, as it did in the district court, that Farmers State's suit must be dismissed in any event pursuant to 28 U.S.C. § 2680(h), which provides that a claim cannot be brought under the FTCA if it arises out of misrepresentation. FmHA argues that Farmers State's claim is based upon alleged injury suffered solely as a result of purported reliance upon FmHA representations, both oral and written, that it would loan money to Hilliard and is thus barred by the misrepresentation exception.

The district court did not reach this issue. Although we could address it on appeal, involving as it does a question of law regarding the jurisdiction of the district court, *Johnson, supra*, 788 F.2d at 850, we prefer that the parties present it to the district court for resolution in the first instance. Accordingly, we reverse the judgment of dismissal and remand the case to the district court for a ruling on misrepresentation exception defense. We retain jurisdiction and request the district court to certify its decision on the remanded issue to this panel.