Larry SELLAND, Appellant,

v.

UNITED STATES of America, Farmers Home Administration, Ralph Leet, Raymond Scheetz, James Well, Sterling Breuer, and Milton Lussenden, Appellees.

No. 91–3379.

United States Court of Appeals, Eighth Circuit.

Submitted May 14, 1992.

Decided May 26, 1992.

Rehearing and Rehearing En Banc Denied July 7, 1992.

Thomas A. Dickson, Bismarck, N.D., argued, for appellant.

Cameron W. Hayden, Bismarck, N.D., argued, for appellees.

Before FAGG, Circuit Judge, HENLEY, Senior Circuit Judge, and HANSEN, Circuit Judge.

## PER CURIAM.

Larry Selland appeals from the district court's[1] dismissal of his complaint.[2] We affirm.

As an initial matter, appellee United States of America moves to supplement the record with documents apparently not submitted for the district court's consideration. The general rule is that an appellate court will not enlarge the record to include materials not presented to the district court. *See Kemlon Products & Development Co. v. United States*, 646 F.2d 223, 224 (5th Cir.) (citing cases), *cert. denied*, 454 U.S. 863, 102 S.Ct. 320, 70 L.Ed.2d 162 (1981); *Coplin v. United States*, 761 F.2d 688, 691 (Fed.Cir.1985) (citing *Boone v. Chiles*, 35 U.S. (10 Pet.) 177, 208, 9 L.Ed. 388 (1836)), *aff'd* 479 U.S. 27, 107 S.Ct. 347, 93 L.Ed.2d 206 (1986). The motion to supplement the record is denied.

We conclude that Selland's claim for an alleged violation of the injunction entered in *Coleman v. Block*, 580 F.Supp. 194 (D.N.D.1984), is not actionable as a constitutional claim since the *Coleman* injunction was rendered moot by the Agricultural Credit Act of 1987, *see Coleman v. Lyng*, 864 F.2d 604, 611 (8th Cir.1988), *cert. denied*, 493 U.S. 953, 110 S.Ct. 364, 107 L.Ed.2d 351 (1989), and because no private cause of action exists under the Agricultural Credit Act of 1987. *See Zajac v. Federal Land Bank of St. Paul*, 909 F.2d 1181, 1183 (8th Cir.1990) (en banc); *Euerle*

*Farms v. Farm Credit Services of St. Paul*, 928 F.2d 274, 276 (8th Cir.), *cert. denied*, — U.S. —, 112 S.Ct. 179, 116 L.Ed.2d 141 (1991).

We also conclude that Selland has failed to state a claim under the Federal Tort Claims Act (FTCA). The FTCA provides a cause of action for "injury or loss of property ... caused by the negligent or wrongful act or omission of any employee of the Government ... under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Selland has failed to point to any specific tort under North Dakota law. Selland's complaint alleges a "contractual monetary arrangement" between Selland and the FmHA and alleges that the death of his sheep was "caused by the failure of the defendants to provide needed monetary releases." Facially, Selland's complaint alleges breach of contract. Selland, however, states on appeal that "[t]his is a tort action." Selland's complaint could be construed to allege tortious interference with contractual relations. *See Peterson v. Zerr*, 477 N.W.2d 230 (N.D. 1991) (setting forth elements). A claim for interference with contractual relations is not within the scope of the FTCA. *See* 28 U.S.C. § 2680(h).

We further conclude that the district court lacked jurisdiction under the FTCA over Selland's claim for intentional infliction of emotional distress as Selland did not present that claim to the Farmers Home Administration. *See Farmers State Savings Bank v. Farmers Home Administration*, 866 F.2d 276, 277 (8th Cir.1989).

Accordingly, we affirm. *See* 8th Cir. Rule 47B.

---

1. The Honorable Patrick A. Conmy, Chief United States District Judge for the District of North Dakota.

2. As Selland originally filed his complaint pro se, we construe his complaint liberally. We note that Selland does not appeal the district court's denial of his motion to amend his complaint or the dismissal of his complaint vis-a-vis the defendants other than the United States.