_____

No. 96-2071
_____

Antoine Echols,                      *
                                     *
          Appellant,                 *
                                     *    Appeal from the United States
     v.                              *    District Court for the
                                     *    Eastern District of Missouri.
United States of America,            *          [UNPUBLISHED]
                                     *
          Appellee.                  *
                                _____

              Submitted:  December 6, 1996

                 Filed:  December 12, 1996
                                _____

Before FAGG, WOLLMAN, and MURPHY, Circuit Judges.
                                _____

PER CURIAM.

     Antoine Echols appeals the district court's[1] dismissal of his
legal malpractice claim against his federal public defender
pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C.
§§ 2671-80.  We affirm.

     A party pursuing a tort claim under the FTCA must present the
claim in writing to the appropriate administrative agency within
two years of the claim's accrual.  28 U.S.C. § 2401(b).  The
failure to comply with the presentment requirement bars the filing
of the action in district court.  Id. § 2675(a).  Although Echols,
as a pro se litigant, is entitled to have his complaint construed
liberally, see Selland v. United States, 966 F.2d 346, 347 n.2 (8th

_____

[1]The Honorable Catherine D. Perry, United States District
Judge for the Eastern District of Missouri.

Cir. 1992) (per curiam), <u>cert. denied</u>, 507 U.S. 923 (1993), we note that Echols not only concedes that he did not file an administrative claim, but also argues on appeal that exhaustion is not necessary. Therefore, the district court lacked jurisdiction because Echols did not file an administrative claim. <u>See</u> <u>Farmers State Sav. Bank v. Farmers Home Admin.</u>, 866 F.2d 276, 277 (8th Cir. 1989) (exhaustion is jurisdictional prerequisite). As to the sua sponte nature of the district court's dismissal, the failure to first provide Echols with formal notice was not reversible error based on Echols's argument on appeal that he did not file a claim and that exhaustion of administrative remedies was not necessary. <u>See</u> <u>Smith v. Boyd</u>, 945 F.2d 1041, 1043 (8th Cir. 1991) (failure to give prior notice and opportunity to respond not reversible error when patently obvious plaintiff could not prevail on facts alleged in complaint).

Accordingly, we hold that the district court's dismissal of the complaint was correct, but that it should have been for lack of jurisdiction. <u>See, e.g.</u>, <u>Melo v. United States</u>, 505 F.2d 1026, 1030 (8th Cir. 1974) (amending dismissal order to clarify dismissal was for want of jurisdiction); <u>see also</u> <u>United States v. Abadia</u>, 949 F.2d 956, 958 n.12 (8th Cir. 1991) (court may affirm on any ground supported by the record), <u>cert. denied</u>, 503 U.S. 949 (1992).

A true copy.


Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-