104 F.3d 363
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Antoine ECHOLS, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 96-2071.
 United States Court of Appeals, Eighth Circuit.
 Submitted Dec. 6, 1996.
Decided Dec. 12, 1996.
 
 Before FAGG, WOLLMAN, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Antoine Echols appeals the district court's[1] dismissal of his legal malpractice claim against his federal public defender pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-80. We affirm.
 
 
 2
 A party pursuing a tort claim under the FTCA must present the claim in writing to the appropriate administrative agency within two years of the claim's accrual. 28 U.S.C. § 2401(b). The failure to comply with the presentment requirement bars the filing of the action in district court. Id. § 2675(a). Although Echols, as a pro se litigant, is entitled to have his complaint construed liberally, see Selland v. United States, 966 F.2d 346, 347 n. 2 (8th Cir.1992) (per curiam), cert. denied, 507 U.S. 923 (1993), we note that Echols not only concedes that he did not file an administrative claim, but also argues on appeal that exhaustion is not necessary. Therefore, the district court lacked jurisdiction because Echols did not file an administrative claim. See Farmers State Sav. Bank v. Farmers Home Admin., 866 F.2d 276, 277 (8th Cir.1989) (exhaustion is jurisdictional prerequisite). As to the sua sponte nature of the district court's dismissal, the failure to first provide Echols with formal notice was not reversible error based on Echols's argument on appeal that he did not file a claim and that exhaustion of administrative remedies was not necessary. See Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir.1991) (failure to give prior notice and opportunity to respond not reversible error when patently obvious plaintiff could not prevail on facts alleged in complaint).
 
 
 3
 Accordingly, we hold that the district court's dismissal of the complaint was correct, but that it should have been for lack of jurisdiction. See, e.g., Melo v. United States, 505 F.2d 1026, 1030 (8th Cir.1974) (amending dismissal order to clarify dismissal was for want of jurisdiction); see also United States v. Abadia, 949 F.2d 956, 958 n. 12 (8th Cir.1991) (court may affirm on any ground supported by the record), cert. denied, 503 U.S. 949 (1992).
 
 
 
 [1]
 The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri