107 F.3d 3
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
In re: MACMILLAN, INC., Debtor,
William V. RUCH, Ph.D., J.D., Claimant-Appellant.
v.
REORGANIZED DEBTORS (MacMillan, Inc., MacMillan College
Publishing, Inc., and Jossey-Bass, Inc., Publishers);
Macmillan, Inc.; Macmillan College Publishing, Inc.;
Jossey-Bass, Inc., Publishers; MCC-LDM, Inc., formerly
known as Molecular Design Limited, Debtors-Appellees.
 No. 96-5077.
 United States Court of Appeals, Second Circuit.
 Feb. 20, 1997.
 
 APPEARING FOR APPELLANT:William V. Ruch, pro se, Rockaway, N.J.
 APPEARING FOR APPELLEES:Thomas C. Rice, Simpson Thacher & Bartlett, New York, N.Y.
 PRESENT: HONORABLE JON O. NEWMAN, Chief Judge. HONORABLE AMALYA L. KEARSE, HONORABLE DANIEL M. FRIEDMAN,* Circuit Judges.
 
 SUMMARY ORDER
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by appellant pro se and by counsel for appellees.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 William V. Ruch appeals pro se from the June 18, 1996, judgment of the District Court affirming the Bankruptcy Court's November 28, 1995, order denying Ruch's proof of claim against reorganized debtors Macmillan, Inc., Macmillan College Publishing, Inc., and Jossey-Bass, Inc., Publishers (collectively "appellees"). The District Court disallowed Ruch's claim because he failed to establish that appellees made oral promises to him beyond the written publishing agreement, that appellees did not adequately market Ruch's book in accordance with the written agreement, and that appellees concealed the actual number of books sold and defrauded Ruch of his deserved royalties. Ruch raises four arguments on appeal: (i) newly discovered evidence demonstrates that oral promises were made by appellees; (ii) appellees are "Part of a Gigantic, International Conglomerate that Wields Monopolistic Power in its Field of Print and Electronic Communication"; (iii) appellees and their attorneys have engaged in criminal and unethical conduct in this litigation; and (iv) Ruch has been damaged by appellees' actions, which "created the right conditions for the onslaught of cancer."
 
 
 4
 1. Absent extraordinary circumstances, an appellate court will not enlarge the record to include evidentiary material not presented to the trier of fact. See Selland v. United States, 966 F.2d 346, 347 (8th Cir.1992); cf. Fed. R.App. P. 6(b)(2)(ii) & 10(a). Ruch's attempt to renew arguments presented to and rejected in the Bankruptcy Court by introducing for the first time on this appeal newly discovered letters that have been in his possession since the commencement of this action must be rejected. Moreover, even if this "new" evidence could be considered on appeal, it would not lend any support to Ruch's claim that appellees promised him more than what the parties contracted for in the publishing agreement. The letters indicate no more than general areas to be considered, without making any specific representations.
 
 
 5
 Moreover, to whatever extent Ruch is endeavoring to persuade us to rule clearly erroneous the findings that no oral promises were made, this effort fails. These findings, as well as the other findings that were disputed in the Bankruptcy and District Courts, were adequately supported. First, ample testimonial and documentary evidence presented by appellees supports the finding that no oral promises were made--for instance, neither the publishing agreement itself, contemporaneous correspondences between the parties, nor appellees' internal memoranda make any references to the alleged oral promises. Second, the evidence showed that appellees undertook a good-faith effort to market the book and that it was in fact adequately marketed. See Zilg v. Prentice-Hall, Inc., 717 F.2d 671 (2d Cir.1983). Appellees featured the book prominently in a color brochure distributed to 12,000 professors and instructors, sent its sales staff to three conventions and numerous college campuses to promote the book, and distributed 2,800 "presentation" copies to professors and instructors, all at appellees' own expense. Finally, Ruch offers no factual basis for his allegation that appellees withheld royalties from him, and appellees properly accounted for any alleged inconsistencies in the royalty statements sent to Ruch.
 
 
 6
 2. Ruch's argument that appellees wield monopolistic power is beyond the scope of any possible appealable issue. His claim in the Bankruptcy and District Courts involved solely breach of oral contract, breach of a written agreement, and conversion of royalties. We decline to consider Ruch's belated antitrust claim, which, in any event, is entirely conclusory. See Mellon Bank, N.A. v. United Bank Corp. of New York, 31 F.3d 113, 116 (2d Cir.1994).
 
 
 7
 3. Ruch's allegation that appellees and their attorneys conducted themselves in a criminal or unethical manner during the course of this litigation was not presented to the Bankruptcy Court, and his request that this Court "conduct its own investigation of [their] conduct" is well beyond the proper scope of this appeal.
 
 
 8
 4. Finally, though we sympathize with Ruch's health problems, he has failed to demonstrate that appellees engaged in any wrongful acts or that a causal link exists between his illness and any actions of the appellees.
 
 
 
 *
 Of the United States Court of Appeals for the Federal Circuit, sitting by designation